**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ALEXANDRA GONZALEZ, | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:17-cv-00098 |
| v. | § | |
| | § | |
| VICTOR CARRANZA and CLAUDINE | § | |
| O'CARROLL, | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the "Magistrate Judge's Report and Recommendation" (hereafter "R&R") (Docket No. 33). The R&R recommended granting summary judgment as to all claims against Victor Carranza (hereafter "Carranza") and Claudine O'Carroll (hereafter "O'Carroll") (collectively hereafter "Defendants"). Docket No. 33 at 1. Alexandra Gonzalez (hereafter "Plaintiff") timely filed her "Objection to Magistrate's Report and Recommendation" (hereafter "Plaintiff's Objection") (Docket No. 34). For the reasons set forth herein, Plaintiff's Objections are **OVERRULED** and the R&R is hereby **ADOPTED**.

I.     **THE "TAINT EXCEPTION"**

Plaintiff attempts to urge that Carranza's failure to include references to certain pieces of evidence in Carranza's "Complaint – Affidavit for Warrant of Arrest" (hereafter "Carranza's Arrest Affidavit") (Docket No. 21-1 at 16) proves Carranza intentionally withheld evidence from the magistrate, thereby tainting the magistrate's probable cause determination. *See* Docket No. 34 at 7–19; *see also* Docket No. 23 at 11. However, additional evidence on the record demonstrates Carranza also spoke with the magistrate prior to the magistrate issuing an arrest warrant for Plaintiff. Docket No. 21-1 at 2 (Carranza swearing under oath that "[i]n presenting the facts to the [m]agistrate, [he] answered all questions truthfully, and [he] did not withhold any relevant information or misdirect the [m]agistrate by omission or commission."). Plaintiff has not produced a scintilla of evidence, beyond conclusory allegations, which would indicate Carranza withheld relevant information from the magistrate. *See, e.g.* Docket No. 34 at 7, 8, 9 (claiming information was withheld from the magistrate without providing supporting evidence). Without such evidence, the Court agrees with the R&R that Plaintiff has not raised a genuine factual dispute.

II.    **HEARSAY ISSUES**

Plaintiff's Objection presents for the first time three new claims regarding the sworn affidavits of John Blaylock, Nicole Alvarez, and Plaintiff. Docket No. 34 at 19–20 ("common knowledge"), 20 (showing "what the officers knew during their investigation"), 20–21 (the "residual exception"–Fed. R. Evid. 807). However, since Plaintiff did not raise these claims before the Magistrate Judge, these arguments are not properly before the Court. *See Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016).

Further, the Court agrees with the R&R that evidence of O'Carroll's allegedly vengeful character is not admissible. Assuming *arguendo* that evidence of a vengeful character is proper character evidence, such evidence would be prohibited by Fed. R. Evid. 404(a)(1).

III.    **CONCLUSION**

After a *de novo* review of the file, the "Magistrate Judge's Report and Recommendation" (Docket No. 33) is **ADOPTED**. Plaintiff's "Objection to Magistrate's Report and Recommendation" (Docket No. 34) is **OVERRULED**. Plaintiff's claims against Defendants are hereby **DISMISSED WITH PREJUDICE** and the Clerk of Court is **ORDERED** to close this case.

Signed on this _____20th_____ day of __February__, 2019.

_____
Rolando Olvera
United States District Judge